# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Choya Force,                                  :
                          Petitioner          :
                                              :
              v.                              :   No. 63 C.D. 2022
                                              :   Submitted: August 26, 2022
Commonwealth of Pennsylvania                  :
(Workers' Compensation Appeal                 :
Board),                                       :
                          Respondent          :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                   FILED: November 10, 2022

Choya Force (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify compensation benefits filed by the Commonwealth of Pennsylvania (Employer). In this appeal, Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria for modification of a claimant's benefits based on the results of an impairment rating evaluation (IRE). Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal*

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, and added Section 306(a.3), 77 P.S. §511.3.

*denied*, 261 A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

## I. BACKGROUND

On June 25, 2015, Claimant suffered a work-related injury to her back.[2] Claimant eventually received total disability benefits of $552 per week. On July 21, 2020, Employer filed a modification petition alleging that Claimant had a whole-body impairment rating of 14%. The WCJ held hearings, at which Employer introduced, among other exhibits, the impairment rating evaluation (IRE) performed by Dr. Kenneth Gentilezza under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides) (second printing April 2009). *See, e.g.*, N.T. Hr'g, 10/8/20, at 5-6; IRE, 6/18/20, at 7. Claimant did not testify or otherwise dispute the IRE as Claimant indicated she was challenging only the applicability of Act 111 because her injury predated the Act. N.T. Hr'g, 10/8/20, at 8; *accord* WCJ Op., 1/15/21, at 3-4. The WCJ granted Employer's modification petition, reasoning that Employer had proven that Claimant had a 14% whole body impairment, and therefore Claimant should receive partial disability benefits. WCJ Op. at 4, 6. Claimant appealed to the Board, which affirmed, and Claimant timely petitioned this Court for review. *See* Bd.'s Op., 1/7/22.

## II. ISSUE

On appeal, Claimant argues that because her injury predates the enactment of Act 111, Act 111 cannot be retroactively applied. Claimant's Br. at 8 (unpaginated). In Claimant's view, Act 111 violates the Remedies Clause of the

---

[2] Unless stated otherwise, we state the facts as set forth in the Board's decision, which is supported by substantial evidence of record. *See, e.g.*, Notes of Testimony (N.T.) Hr'g, 8/14/20, at 6. We add that the WCJ's decision did not extensively discuss the background of this case.

2

Pennsylvania Constitution and contravenes *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part and rev'd in part*, 161 A.3d 827, 841 (Pa. 2017) (*Protz II*). *Id.* at 11-17. Claimant relatedly argues that Act 111 lacks "sufficiently specific language to make the law retroactive." *Id.* at 17-18.

### III. ANALYSIS[3]

### A. Recent Case Law and the Legislative Response

A brief overview of the recent case law and statutory developments will provide appropriate context to Claimant's appeal. Under former Section 306(a.2)(2) of the Act, 77 P.S. § 511.2 (repealed), the General Assembly authorized the use of an IRE to determine a claimant's disability status. Former Section 306(a.2)(2) required a physician to perform an IRE in accordance with the methodology set forth in "the most recent edition" of the AMA Guides. *See* 77 P.S. § 511.2(2) (repealed). If the IRE yielded a whole-body impairment rating equal to or greater than 50%, then the claimant was presumed to be totally disabled, whereas a claimant with an impairment rating less than 50% was considered partially disabled. *See id.*[4] At the time former Section 306(a.2) was enacted, "the most recent edition" of the AMA Guides was the Fourth Edition. Thereafter, the American Medical Association issued a Fifth Edition and Sixth Edition of the AMA Guides.

In 2015, this Court determined that former Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively

---

[3] In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

[4] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1); *accord* WCJ Op. at 6.

approved new versions of the AMA Guides without review. *See generally Protz I*, 124 A.3d at 416. Rather than striking former Section 306(a.2) in its entirety, we remanded the matter to the Board with instructions that any IRE must adhere to the Fourth Edition of the AMA Guides, which was in effect at the time the General Assembly enacted former Section 306(a.2). *Id.* Upon further review, our Supreme Court affirmed this Court's holding that former Section 306(a.2) impermissibly delegated legislative power to a private entity. However, it concluded that the offending language, *i.e.*, "the most recent edition" of the AMA Guides, could not be severed from the Act. Accordingly, the Supreme Court declared the entirety of former Section 306(a.2) to be unconstitutional. *Protz II*, 161 A.3d at 841.

Subsequently, the General Assembly passed Act 111, which replaced former Section 306(a.2) of the Act with new Section 306(a.3). Similarly, Section 306(a.3)(1) provides that once a claimant receives 104 weeks of total disability compensation, an insurer or employer may require the claimant to submit to an IRE. 77 P.S. § 511.3. However, Section 306(a.3) of the Act enacted new standards for an IRE. It expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it reduced the threshold required for a total disability status from a 50% whole-body impairment rating to 35%. *Id.*[5]

Recently, in *Pierson*, this Court addressed the retroactive application of Act 111. In that case, the claimant had sustained a work-related injury in 2014, prior to the passage of Act 111. *Pierson*, 252 A.3d at 1171. The Board granted the

---

[5] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd* (Pa., No. 88 MAP 2019, filed Aug. 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

employer's petition to modify the claimant's disability status from total to partial based on an IRE performed after the effective date of Act 111. *Id.* at 1172. On appeal to this Court, the claimant argued that (1) Act 111 cannot be applied retroactively because it represents a substantive, not a procedural, change in the law; and (2) applying Act 111 to injuries predating its enactment would impair his vested disability rights in violation of the Remedies Clause. *Id.* at 1175.

In rejecting these arguments, we explained that "a vested right is one that so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Id.* at 1179 (cleaned up). Yet, we observed, "there are reasonable expectations under the Act that benefits may change." *Id.*; *see also* Section 413(a) of the Act, 77 P.S. § 772 (providing that a WCJ may "modify, reinstate, suspend, or terminate" benefits at any time "upon proof that the disability of an injured" employee has changed). Thus, Act 111 did not deprive claimants of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179.

Further, the General Assembly used "clear language" that employers/insurers were entitled to credit for the weeks of disability compensation paid to an injured employee prior to the passage of Act 111. *See id.* at 1179-80 (citation omitted); *see also* Act 111, § 3(1) ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), § 3(2) (same as applied to partial disability compensation). Therefore,

the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

## B. *Pierson* is Dispositive

Our analysis in *Pierson* controls here. Claimant, like the claimant in *Pierson*, sustained her work-related injury before the passage of Act 111. Employer, like the employer in *Pierson*, sought to modify Claimant's benefits based on an IRE obtained after the Act's effective date. Claimant, like the claimant in *Pierson*, challenges the retroactivity of the employer credit provision of Act 111 and asserts a vested right in her disability benefits. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022); *Dohn v. Beck n' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed September 20, 2021).[6]

## IV. CONCLUSION

For these reasons, we conclude that the Board's application of Act 111 in modifying Claimant's benefits to partial disability status did not violate the Remedies Clause found in article I, section 11 of the Pennsylvania Constitution because Claimant does not have a vested right to workers' compensation benefits. Thus, we affirm the Board's adjudication.

---

LORI A. DUMAS, Judge

---

[6] We cite *Sochko*, *Hender-Moody*, and *Dohn* for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Choya Force,                          :
                        Petitioner    :
                                      :
        v.                            :   No. 63 C.D. 2022
                                      :
Commonwealth of Pennsylvania          :
(Workers' Compensation Appeal         :
Board),                               :
                        Respondent    :

## **O R D E R**

AND NOW, this 10th day of November, 2022, the order of the Workers'

Compensation Appeal Board, entered January 7, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge